UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
SAMANTHA ZUCKERMAN, an infant,  )
by her Parent and Natural Guardian  )
ROBERTA ZUCKERMAN,              )
and ROBERTA ZUCKERMAN,          )
                                )
                    Plaintiffs, )   Civil Action No.
v.                              )
                                )
CAMP LAUREL,                    )
                    Defendant.  )
_____)
```

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, Coastal Camps, Inc., d/b/a Camp Laurel (erroneously sued as "Camp Laurel"), by its attorneys, gives notice of removal of this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In support of the removal, Camp Laurel states:

1. Camp Laurel received the Summons and Verified Complaint in this matter on March 28, 2008. Based on those documents, on or about February 28, 2008, the plaintiff filed a lawsuit in the Supreme Court of the State of New York, New York County, bearing Index Number 103074-08 and the same title as in the caption of this Notice. A copy of the Verified Complaint, which is the only form of a Complaint served upon Camp Laurel, is attached hereto, along with the Summons, as Exhibit A.

2. The Summons and Verified Complaint are the only process, pleadings, or orders Camp Laurel has received to date.

**Diversity of citizenship exists**

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a) (diversity jurisdiction) and removal is proper under 28 U.S.C. § 1441 because there is complete diversity of citizenship between the plaintiffs and the defendant and the amount in controversy (excluding interest and costs) reasonably exceeds $75,000.

4. According to the Verified Complaint in the state court action, when the plaintiff Roberta Zuckerman commenced this action on behalf of her daughter, the plaintiff Samantha Zuckerman, and herself, Samantha and Roberta resided at 75 West End Avenue, New York, New York. Verified Complaint ¶¶ 1, 24. Although the Verified Complaint does not mention their citizenship, upon information and belief each of the plaintiffs is a citizen of the State of New York both now and at the time they commenced this action.

5. When the plaintiffs commenced this action and at present, Coastal Camps, Inc., d/b/a Camp Laurel, was and is a corporation organized and maintained under the laws of the State of Maine, and has its principal place of business at 1218 Pond Road, Mt. Vernon, Maine 04352, where it operates its summer camp. Its mailing address is P.O. Box 327, Readfield, ME 04355. It also has a seasonal office at 145 County Road, Cresskill, New Jersey 07626-2266, through which prospective campers or their parents can make inquiries and bookings. The mailing address for the New Jersey winter office is P.O. Box 661, Alpine, NJ 07620. Camp Laurel has no office within the State of New York.

6. The plaintiffs allege that the plaintiff Samantha Zuckerman was injured on or about July 30, 2006 while taking a class in horseback riding when she was attending Camp Laurel. Verified Complaint ¶¶ 7-14. They allege that while Samantha was riding, the saddle slipped, causing her to fall from the horse. *Id.* ¶ 17. They allege that Camp Laurel owned the horse and equipment, including the saddle, and that its employee had saddled the horse but negligently failed to tighten the cinch properly or to check it after Samantha had mounted the horse. *Id.* ¶ 15-16. They assert two causes of action: on behalf of Samantha, for negligence; and on behalf of Roberta, for medical expenses and loss of consortium.

**The amount in controversy reasonably exceeds $75,000**

7. In their Verified Complaint in the state court action, the plaintiffs do not allege the precise amount of their damages. Rather, they allege only that "by reason [of her fall from the horse], the infant plaintiff was rendered sick, sore, lame and disabled and her injuries upon information and belief are permanent and lasting in nature." Verified Complaint ¶ 18. They also allege that "this is an action for monetary damages which exceeds the jurisdiction of all lower courts." *Id.* ¶ 21. They allege that Samantha's mother, the plaintiff Roberta Zuckerman, "incurred medical expenses in behalf of the infant and verily believes that same will continue," *id.* ¶ 25, and that by reason of Camp Laurel's negligence, she has been deprived of the comfort and society of her daughter. *Id.*, ¶ 26. Because the plaintiffs allege that Samantha was disabled and suffered permanent injuries and that Roberta has lost consortium and incurred medical expenses and believes, over a year-and-a half after the incident, that they will continue, Camp Laurel has a good-faith belief that the amount in controversy exceeds $75,000, excluding interest and costs. Further, Roberta Zuckerman has represented to Camp Laurel that Samantha tore her

anterior cruciate ligament in the accident. Medical records her lawyer has provided Camp Laurel state that Samantha partially tore the anterior cruciate ligament in her right knee. Accordingly, Camp Laurel believes the plaintiffs seek damages in excess of $75,000, excluding interest and costs, and that, if the finder of fact accepts their allegations about her injuries as true, it could reasonably award damages in excess of $75,000, excluding interest and costs.

**The removal is timely.**

8. The Verified Complaint and Summons were served upon Camp Laurel on March 28, 2008. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b) because Camp Laurel is filing it within 30 days of being served with the Verified Complaint. Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

9. This removal is also timely under the one-year of rule of 28 U.S.C. 1446(b), since it is being undertaken within one year of when the Verified Complaint was filed in the New York County Supreme Court, which was on or about February 28, 2008.

10. No further proceedings have occurred in the state court action.

11. In accordance with 28 U.S.C. § 1446(d), a true copy of this Notice of Removal will be filed promptly with the Clerk of the New York Supreme Court for New York County, and a true copy will be served promptly upon the plaintiffs, through their counsel.

Dated: April 24, 2008

                                Respectfully submitted,
                                the defendant,
                                COASTAL CAMPS, INC., d/b/a CAMP LAUREL,
                                by its attorneys,

*/s/ Rodney E. Gould*
Rodney E. Gould, Esq. (RG-9871)
Email: rgould@rhglaw.com
Robert C. Mueller, Esq. (RM-1882)
Email: rmueller@rhglaw.com
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, MA 01701-0786
telephone: (508) 875-5222
facsimile: (508) 879-6803

--and--

*/s/ Raymond S. Mastrangelo*
Raymond S. Mastrangelo, Esq. (RM-1327)
Email: rmastrangelo@moundcotton.com
Costantino P. Suriano, Esq. (CS-4061)
Email: csuriano@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS
855 Franklin Avenue, Suite 306
Garden City, NY 11530
telephone: (516) 417-5749
facsimile: (516) 741-6831

EXHIBIT A

Case 1:08-cv-03913-NRB   Document 1   Filed 04/25/2008   Page 6 of 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
SAMANTHA ZUCKERMAN, an infant by her
Parent and Natural Guardian ROBERTA
ZUCKERMAN, and ROBERTA ZUCKERMAN,

                      Plaintiffs,

            - against -

CAMP LAUREL,

                      Defendant.
-----------------------------------------------------------X

Index No. 103074-08

Date Filed 2-28-08
SUMMONS

Plaintiff designates New York
County as the basis of trial

The basis of venue is
Plaintiff's residence
Plaintiff resides at
75 West End Avenue
New York, NY 10023

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance on plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Lynbrook, New York
       February 28, 2008

Yours, etc.

WERNER, ZAROFF, SLOTNICK,
STERN & ASHKENAZY PLLP

BY: _____

          ALLAN ZAROFF
Attorneys for Plaintiff
360 Merrick Road
Lynbrook, NY 11563
516-568-1850

Defendant's Address:

145 County Road, Cresskill, NJ 07626
c/o Jeremy Sollinger

04/07/2008 11:36 FAX 201 750 0665        CAMP LAUREL                           ☒003/009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X   COMPLAINT
SAMANTHA ZUCKERMAN, an Infant by her
Parent and Natural Guardian, ROBERTA
ZUCKERMAN, and ROBERTA ZUCKERMAN,

        Plaintiff,

   - against –                                                Index No. 103074-08

CAMP LAUREL

        Defendants.
-----------------------------------------------------------X

      Plaintiffs, by their attorneys, WERNER, ZAROFF, SLOTNICK, STERN & ASHKENAZY PLLP, complaining of the defendant, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE INFANT SAMANTHA ZUCKERMAN

    1. That at all times hereinafter mentioned, this plaintiff was and still is a resident of the State of New York, County of New York, residing at 75 West End Avenue, New York, New York.

    2. That at all times hereinafter mentioned, the defendant was a foreign corporation.

    3. That at all times hereinafter mentioned, the defendant was authorized to do business within the State of New York.

    4. That at all times hereinafter mentioned, the defendant did operate a camp known as "Camp Laurel" at Route 41, Redfield, Maine.

    5. That on or about the 30th day of July, 2006, the infant SAMANATHA ZUCKERMAN attended said camp.

    6. That prior thereto, the defendant did actively solicit within the

1

State of New York potential campers and in particular SAMANTHA ZUCKERMAN.

7. That on or about the 30th day of July, 2006, at approximately 4:00 p.m., the infant plaintiff, while a camper attending defendant's camp, was horseback riding in a learn-to-ride instructional program under the auspices of an instructor named "Sarah".

8. That said instructional riding program was on the premises of the defendant.

9. That upon information and belief, at all the times herein mentioned, the defendant owned the aforesaid premises.

10. That upon information and belief, at all the times herein mentioned, the defendant controlled the aforesaid premises.

11. That upon information and belief, at all the times herein mentioned, the defendant maintained the aforesaid premises.

12. That upon information and belief, at all the times herein mentioned, the defendant operated a camp on the aforesaid premises.

13. That upon information and belief, at all the times herein mentioned, the defendant operated a horseback riding instructional program at the aforesaid premises.

14. That upon information and belief, at all the times herein mentioned, the defendant owned the stable at the aforesaid premises.

15. Upon information and belief, at all the times herein mentioned, the defendant owned the horses and equipment at the aforesaid premises.

16. That prior to the infant mounting her horse, said horse was saddled

04/07/2008 11:36 FAX 201 750 0665    CAMP LAUREL    ☒005/009

by an employee of the defendant.

17. That at the aforesaid time and place, while the infant was riding, the saddle slipped, causing the infant to fall from the horse.

18. That by reason thereof, the infant plaintiff was rendered sick, sore, lame and disabled and her injuries upon information and belief are permanent and lasting in nature.

19. That the injuries sustained by the infant plaintiff were in no way caused by any want of care on the part of the infant contributing thereto.

20. That the said occurrence and serious and severe injuries sustained by this infant plaintiff were occasioned solely and wholly through and by reason of the carelessness, recklessness and negligence of the defendant, in the ownership, operation and control of its camp and more particularly in the ownership, operation, maintenance and control of the horseback riding facility and equipment; that the defendant, its agents, servants and/or employees, and more particularly those employees who were responsible for putting the saddles on the horses before the infant campers rode them were careless and negligent in failing to properly see that the saddle on the infant plaintiff's horse was secure; in carelessly and negligently improperly fastening the cinch; in carelessly and negligently failing to properly tighten the cinch; in carelessly and negligently failing to inspect the cinch after the infant was mounted; in carelessly and negligently mounting the infant plaintiff on a horse at the time when the defendant, its agents, servants and/or employees knew or should have known in the exercise of ordinary care and caution, considering the activity before them, knew that the cinch was loose or would become loose; in carelessly and negligently failing to give any warning to the infant of the

3

dangers then and there existing; and the defendant, its agents, servants and/or employees, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions to avoid the said occurrence, as a result of which the infant plaintiff's saddle slipped to the side, causing the infant to fall from the horse.

21. That this is an action for monetary damages which exceeds the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PAINTIFF ROBERTA ZUCKERMAN

22. That this plaintiff repeats, reiterates and realleges each and every allegation previously contained in the paragraphs above with the same force and effect as though same were more fully set forth herein at length.

23. That at all the times herein mentioned, this plaintiff was the mother and natural guardian of the infant SAMANTHA ZUCKERMAN.

24. That the infant resides with this plaintiff at their home, 75 West End Avenue, New York, New York.

25. That by reason of the foregoing, this plaintiff incurred medical expenses in behalf of the infant and verily believes that same will continue.

26. That as a result of the aforementioned, this plaintiff has been deprived of the comfort and society of her infant daughter.

27. That this is an action for monetary damages which exceeds the jurisdiction of all lower courts.

WHEREFORE, the infant plaintiff SAMANTHA ZUCKERMAN by her parent and natural guardian ROBERTA ZUCKERMAN demands judgment against the defendant above named in money damages together with costs and disbursement.

4

04/07/2008 11:36 FAX 201 750 0665    CAMP LAUREL    ☒007/009

Plaintiff ROBERTA ZUCKERMAN demands judgment against the defendant on her cause of action with costs and disbursements.

Dated: Lynbrook, New York
      February 28, 2008

Yours, etc.

WERNER, ZAROFF, SLOTNICK,
STERN & ASHKENAZY PLLP

BY: _____
    ALLAN R. ZAROFF
Attorneys for Plaintiff
360 Merrick Road
Lynbrook, NY 11563
516-568-1850

5

Received Time Apr. 7. 2008 11:35AM No. 9806

AFFIRMATION AND CERTIFICATION

STATE OF NEW YORK  )
                              SS.:
COUNTY OF NASSAU  )

  ALLAN R. ZAROFF, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms the following under the penalties of perjury:

  That I am a partner in the law firm of WERNER, ZAROFF, SLOTNICK, STERN & ASHKENAZY PLLP, attorneys of record for the plaintiffs in the within action. That the undersigned has read the foregoing document and knows the contents thereof. That the same is true to affirmant's own knowledge, except as to the matters he therein stated to be alleged upon information and belief, and to those matters affirmant believes them to be true.

  That affirmant further states that the reason this affirmation is being made by the undersigned and not by the plaintiffs is because the plaintiffs is/are not in the county where your affirmant maintains his office. The grounds of your affirmant's belief as to all matters not stated to be upon affirmant's knowledge are as follows: all facts, records and conversations with the plaintiff in this matter and the file maintained by plaintiff's office. That the undersigned certifies that to the best of the signer's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the presentation of the within documents or contentions therein are not frivolous as that term is defined in Section 130 of the rules of the Chief Administrator (22 NYCRR).

  The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Lynbrook, New York
   February 28, 2008

                 _____
                 ALLAN R. ZAROFF

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                    Index No. 103074-08
------------------------------------------------------------
SAMANTHA ZUCKERMAN, an infant by her parent &
natural guardian, ROBERTA ZUCKERMAN and
ROBERTA ZUCKERMAN,

                              Plaintiffs,

           -against-

CAMP LAUREL,

                              Defendant.
------------------------------------------------------------

### SUMMONS AND VERIFIED COMPLAINT

WERNER, ZAROFF, SLOTNICK,
STERN & ASHKENAZY
Attorneys for Plaintiff
360 Merrick Road
Lynbrook, NY 11563
(516) 568-1850

Service of a copy of the within      is hereby admitted.
Dated:

                              Attorney for

**NOTICE OF ENTRY:**
PLEASE TAKE NOTICE that the within is a true copy of an     entered
in the office of the Clerk of the above Court on
**NOTICE OF SETTLEMENT:**
PLEASE TAKE NOTICE that the within      will be presented for
settlement and entry at the Courthouse on     at     at
the office of the Clerk of the Part of this Court where the within
described Motion was heard.
Dated: Lynbrook, NY          WERNER, ZAROFF, SLOTNICK,
                                         STERN & ASHKENAZY, LLP
                                         Attorneys for Plaintiff
                                         As Designated Above