UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA ZUCKERMAN, an infant,　　　)
by her Parent and Natural Guardian　　　　)
ROBERTA ZUCKERMAN,　　　　　　　　)
and ROBERTA ZUCKERMAN,　　　　　　)
　　　　　　　　　　　　plaintiff,　　　)　　　　No. 08 Civ. 3913 (NRB) (KNF)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CAMP LAUREL,　　　　　　　　　　　　)
　　　　　　　　　　　　defendant.　　　)
　　　　　　　　　　　　　　　　　　)

**DECLARATION OF KEITH M. KLEIN
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO TRANSFER UNDER 28 U.S.C. § 1404(a) OR
TO DISMISS BECAUSE OF LACK OF PERSONAL JURISDICTION**

I, Keith M. Klein, declare and state as follows:

1.  I am president and sole shareholder of Coastal Camps, Inc., d/b/a Camp Laurel ("Camp Laurel").

2.  I am familiar with the Zuckermans' claims in this lawsuit and make this declaration based on my personal knowledge or on records in the offices of Camp Laurel, except where I indicate I am making a statement based on my belief.  I submit this declaration in support of Camp Laurel's motion to dismiss on the basis of the forum-selection clause in its contract with the Zuckermans or, in the alternative, to transfer the case to the United States District Court for the District of Maine or to dismiss for lack of personal jurisdiction.

3.  The Zuckermans allege that Samantha Zuckerman was injured on or about July 30, 2006 while taking a class in horseback riding when she was attending Camp Laurel.  Verified Complaint ¶¶ 7-14.  They allege that while Samantha was riding, the saddle slipped, causing her

to fall from the horse. *Id.* ¶ 17. They allege that Camp Laurel owned the horse and equipment, including the saddle, and that its employee had saddled the horse but negligently failed to tighten the cinch properly or to check it after Samantha mounted the horse. *Id.* ¶ 15-16.

4. Coastal Camps, Inc., d/b/a Camp Laurel, was organized and is maintained under the laws of the State of Maine, and has its principal place of business at 1218 Pond Road, Mt. Vernon, Maine, where it operates its summer camp. It has a winter office at 145 County Road, Cresskill, New Jersey, through which prospective campers or their parents can make inquiries and bookings. Camp Laurel has no office in the State of New York.

5. On or about September 19, 2005, Roberta K. Zuckerman booked the camp for Samantha, her daughter, for the summer of 2006 by filling out and signing a simple one-page form entitled Camp Laurel–2006 Re-Enrollment form and sending it by facsimile to our New Jersey office. A copy of the signed form is attached to this declaration as Exhibit A. It states Camp Laurel's contractual terms:

> **TERMS:**
> . . . .
> I understand that part of the camping experience involves activities and group living arrangements that may be new to my child, and that they come with certain risks and uncertainties beyond what my child may be used to dealing with at home. I am aware of these risks and am assuming them on behalf of my child. I realize that no environment is risk-free, and I have instructed my child on the importance of abiding by the camp's rules, and my child and I both agree that he or she is familiar with these rules and will obey them. My child has permission to participate in all camp programs, camp trips and special outings planned and supervised by Camp Laurel.
>
> It is agreed that <u>any dispute or cause of action between the parties, whether out of this agreement or otherwise, can only be brought in a court of competent jurisdiction located in Kennebec County, Maine and shall be construed in accordance with the laws of Maine.</u>
> . . . .

I have read and agree to the terms outlined above.

**Parent Signature *(required)*:** _____ **Date:** _____

Exh. A hereto (underlining added).  As Exhibit A to this declaration shows, Roberta Zuckerman

signed the form just below the line stating, "I have read and agree to the terms outlined above."

Samantha's stay began on June 24, 2006 and was to end on August 12, 2006.

6.  Samantha also attended Camp Laurel in the summers of 2003, 2004, and 2005.

Roberta Zuckerman signed our 2005 re-enrollment form (Exhibit B to my declaration), which

was identical to the 2006 form and contained the same clause specifying Maine as the sole forum

for any lawsuit against Camp Laurel.

7.  Camp Laurel requires that lawsuits against it be filed in Maine because its principal

place of business is the camp, located in Mt. Vernon, Kennebec County, Maine.  To be able to

minimize the cost of camp stays, Camp Laurel must keep its own costs low.  Our administrators,

counselors, instructors, and campers reside throughout the country.  Most come from

Massachusetts, Illinois, Pennsylvania, Maryland, Washington, D.C., Virginia, New Jersey, New

York, and Florida.  All have Maine in common, of course, because of their presence at the camp.

Most of our staff persons, such as cooks and maintenance persons, live near the camp in Maine,

as do providers of other services, such as the owner of the horse and the saddle at issue.  By

requiring lawsuits against Camp Laurel to be filed in Maine and to be governed by Maine law,

we hope to be able to predict the outcome of lawsuits and to achieve uniform results so that we

can plan our business accordingly.  In addition, we hope to minimize the time any officers and

employees of Camp Laurel must be away from our office to take part in any legal proceedings.

In summer especially, we cannot afford to have camp administrators, counselors, and instructors

leave the camp grounds for any extended period of time. Other administrators and I live at the Camp from about June 1 to August 20 each year. Campers begin arriving June 26 and leave about August 14 each summer.

8. Camp Laurel's business records, including documents necessary to our defense, are located in our offices in Mt. Vernon, Maine and Cresskill, New Jersey.

9. Key witnesses whom Camp Laurel would need in order to defend this lawsuit reside in Maine, including the owner of the horse and saddle in question.

10. Naturally, to attend Camp Laurel, Samantha Zuckerman traveled to the camp in Mt. Vernon, Maine. The accident happened in July 2006. Samantha had also attended the camp in 2003, 2004, and 2005. In each of the four years Samantha attended Camp Laurel, her parents visited her on Visiting Day, which is the third Saturday of July.

11. Camp Laurel was incorporated and is maintained under Maine law, and its principal place of business is in Mt. Vernon, Maine. It has never had an office, place of business, business records, or mailing address in New York. Camp Laurel has never had any officers, directors, or employees who reside in New York. It has never had assets or bank accounts in New York. It has never leased any real property in New York. It has never been licensed, registered, or authorized to do business in New York or had an agent authorized to accept service of process within New York. It has never paid income or real estate taxes to the State of New York. It has never had a telephone number, mailing address, or post office box in New York, although it does have a national 800-number. Camp Laurel has never sent out mass mailings to New York or any other state. Rather, we mail brochures and DVD's by direct mail to our previous campers, to persons referred by previous campers, and in response to requests. Some of these mailings are to

4

New York.  Campers make bookings by calling or faxing Camp Laurel in New Jersey.  Camp

Laurel has never had an agent in New York who can make a binding commitment on behalf of

Camp Laurel to accept a camper.  Some of Camp Laurel's campers reside in New York.

      12.  Jeremy Sollinger, Co-Director of Camp Laurel, visited the Zuckermans in New York

on September 19, 2002, before Samantha's first year at the camp (the summer of 2003).  The

Zuckermans had already sent their application to Camp Laurel's office.  They had done so on

August 16, 2002.  The purpose of Jeremy's visit was to describe to Samantha and her parents

what the next summer's camping experience would entail.  No representative of Camp Laurel

visited the Zuckermans after the initial visit.  The accident at issue occurred during the fourth

summer Samantha attended the camp.  The Zuckermans made their own choice as to whether to

enroll Samantha at Camp Laurel for each of the four summers she camped with us.

      13.  If the Court wishes, Camp Laurel would accept a transfer to the United States District

Court for the District of Maine rather than outright dismissal with leave for the Zuckermans to

re-file in Maine.

      14.  Camp Laurel consents to waiving any Statute of Limitations defenses it might have

asserted in order to allow the Zuckermans time to file their case in the United States District

Court for the District of Maine so long as they file any lawsuit in that court within the longer of

the time the Maine Statute of Limitations allows or 365 days of the entry of the Court's order

relating to Camp Laurel's motion to dismiss or, in the alternative, to transfer under 28 U.S.C. §

1401(a).

I declare under the penalty of perjury that the foregoing statements are true and correct. Executed on May 13 , 2008.

_____
Keith M. Klein

6

# Exhibit A

SEP.19'2005 15:14                                                #2048 P.001/001

## CAMP LAUREL - 2006 RE-ENROLLMENT

Camper Name: **Sammie Zuckerman**

Birth Date: April 15, 1994

Camper Email: Szuckerman @trevor.net.org

Camper's Home Address: 75 West End Avenue, R14E
New York, NY 10023

| | |
|---|---|
| Mother's Work Phone: | 917-322-5246 |
| Mother's Email: | roberta.zuckerman@cnb.com |
| Mother's Cell: | 917-921-1864 |
| Father's Work Phone: | 646-424-9071 |
| Father's Email: | guitarboy1@mac.com |
| Father's Cell: | 917-921-9557 |

Parent: Larry and Roberta Zuckerman

Home Phone: 212-581-7270

Home Fax: 917-322-5225

---

1.  Current Grade: 6 ('05-'06 School Year) Current School: Trevor Day School

2.  EQUESTRIAN: Should camper be enrolled in the Equestrian Program? YES___ NO___

3.  SIBLINGS: I have another child who will attend Laurel as a **new camper** in 2006:

    Name:_____ Birth Date:_____ Grade:_____ Boy:___ Girl:___ Email:_____
    School:_____ Equestrian: Yes___ No___

    Name:_____ Birth Date:_____ Grade:_____ Boy:___ Girl:___ Email:_____
    School:_____ Equestrian: Yes___ No___

4.  _____ I have enclosed a deposit       - or -      ✓ I have signed the Visa / Mastercard
    check of $2000 for each child.                      Authorization below.

### TERMS:

The Directors reserve the right, at their sole discretion, to withdraw any camper whose influence or actions are deemed unsatisfactory to the Camp or who will not live within the rules and policies of the Camp. If this occurs, no reduction or return of fee, or any part thereof, will be made. Due to fixed costs and expenditures based on definite enrollment and dates, no refunds or reduction can be made for entering late or withdrawing early.

I understand that part of the camping experience involves activities and group living arrangements that may be new to my child, and that they come with certain risks and uncertainties beyond what my child may be used to dealing with at home. I am aware of these risks and I am assuming them on behalf of my child. I realize that no environment is risk-free, and I have instructed my child on the importance of abiding by the camp's rules, and my child and I both agree that he or she is familiar with these rules and will obey them. My child has permission to participate in all camp programs, camp trips and special outings planned and supervised by Camp Laurel.

It is agreed that any dispute or cause of action between the parties, whether out of this agreement or otherwise, can only be brought in a court of competent jurisdiction located in Kennebec County, Maine and shall be construed in accordance with the laws of Maine.

In the event I cannot be reached in an emergency when my child is under Camp Laurel supervision, I hereby give permission to the physician selected by the Camp Director to secure proper medical treatment for my child.

I give Camp Laurel permission to reproduce and publish any photograph, video or likeness of my child for any commercial purpose.

I have read and agree to the terms outlined above.

Parent Signature (required): _Roberta Zuckerman_     Date: 9/19/05

---

### Visa / Mastercard

I authorize Camp Laurel to charge the enrollment deposit and all further payments for camp to my credit card.

Cardholder's Name (print): Roberta K Zuckerman  Cardholder's Signature: _Roberta Zuckerman_

Card # (Visa / Mastercard only): 5466 7217 1000 5734      Exp. Date: 06/08

Credit Card Billing Address (if different than home address): S/A/A

---

CAMP LAUREL . BOX 661 . ALPINE, NEW JERSEY 07620 . TEL: 201.750.0515 . FAX: 201.750.0665

# Exhibit B

2004-09-15 14:49      PFS BRANCH # 990      212-421-5026 >> 2017500665

# CAMP LAUREL - 2005 RE-ENROLLMENT

**Camper's Name:** **Sammie Zuckerman**

**Camper's Email:** _____

**Camper's Address:**   75 West End Avenue, R14E
New York, NY 10023

**Parent:**   Larry and Roberta Zuckerman

**Home Phone:**  212-581-7270

**Home Fax:** _____

**Mother's Work Phone:**  212-421-4995
**Mother's Email:**  roberta.zuckerman@chase.com
**Mother's Cell:**  917-921-1864
**Father's Work Phone:**  646-424-9071
**Father's Email:**  string12@aol.com
**Father's Cell:**  917-921-9557

1. Current Grade: **5** ('04-'05 School Year)  Current School: *Trevor Day School*
2. EQUESTRIAN: Should camper be enrolled in the Equestrian Program?   YES___   NO___
3. SIBLINGS: I have another child who will attend Laurel as a **new camper** in 2005:

Name:_____ Birthdate:_____ Grade:___ Boy:__ Girl:___ Email:_____
School:_____ Equestrian: Yes___ No___

Name:_____ Birthdate:_____ Grade:___ Boy:__ Girl:___ Email:_____
School:_____ Equestrian: Yes___ No___

4. ___ I have enclosed a deposit  - or -  ✓ I have signed the Visa/Mastercard
check of $2000 for each child.              Authorization below.

**TERMS:**

The Directors reserve the right, at their sole discretion, to withdraw any camper whose influence or actions are deemed unsatisfactory to the Camp or who will not live within the rules and policies of the Camp. If this occurs, no reduction or return of fee, or any part thereof, will be made. Due to fixed costs and expenditures based on definite enrollment and dates, no refunds or reduction can be made for entering late or withdrawing early.

I understand that part of the camping experience involves activities and group living arrangements that may be new to my child, and that they come with certain risks and uncertainties beyond what my child may be used to dealing with at home. I am aware of these risks and I am assuming them on behalf of my child. I realize that no environment is risk-free, and I have instructed my child on the importance of abiding by the camp's rules, and my child and I both agree that he or she is familiar with these rules and will obey them. My child has permission to participate in all camp programs, camp trips and special outings planned and supervised by Camp Laurel.

It is agreed that any dispute or cause of action between the parties, whether out of this agreement or otherwise, can only be brought in a court of competent jurisdiction located in Kennebec County, Maine and shall be construed in accordance with the laws of Maine.

In the event I cannot be reached in an emergency when my child is under Camp Laurel supervision, I hereby give permission to the physician selected by the Camp Director to secure proper medical treatment for my child.

I give Camp Laurel permission to reproduce and publish any photograph, video or likeness of my child for any commercial purpose.

I have read and agree to the terms outlined above.

Date: **9/14/04**   Parent Signature: *[signature]*

**Visa/Mastercard**

With my Visa/Mastercard number, I give Camp Laurel my permission to charge the deposit (per child) and all further payments to my credit card.

Cardholder's Name: *Roberta Zuckerman*   Camper's Name: **Sammie Zuckerman**

Card #: **5466 1608 4783 3047**   Exp. Date: **3/31/05**

Cardholder's Signature: *[signature]*   Date: **9/15/04**

**Camp Laurel . Box 661 . Alpine, New Jersey 07620**
**Tel 201.750.0515 . Fax 201.750.0665**